UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE HAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2246 TIA |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Appointment of Counsel, Motions for Evidentiary Hearing, Motion for Expansion of the Record, and Motion to Amend Reply (ECF Nos. 20, 21, 23, 24, 25). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on December 3, 2012. According to the Petition, Petitioner was convicted of first degree robbery, attempted first degree robbery, and two counts of armed criminal action. He was sentenced on March 30, 2007 to a total of 23 years. After filing his initial Petition, he filed 2 supplemental Petitions, asserting a total 12 claims for habeas relief. (Petition, ECF No. 1; Mot. for Leave to Supplement, ECF No. 3; Mot. for Leave to Supplement, ECF No. 10) On May 9, 2013, Petitioner filed a Motion for Appointment of Counsel. He requested an evidentiary hearing and filed a Traverse on July 8, 2013. On August 12, 2013, Petitioner filed motions for an evidentiary hearing, to expand the record, and to amend his previous reply.

**Discussion**

Petitioner requests an evidentiary hearing on the basis that the facts were not materially developed in the state court proceedings. Specifically, Petitioner argues that several of his ineffective assistance of counsel claims were not adjudicated in the state court either because state post-conviction proceedings were stopped or because Petitioner discovered new evidence. "Evidentiary hearings in habeas proceedings are barred unless the petitioner 'was unable to develop his claim in state court despite diligent effort.'" Wright v. Bowersox, 720 F.3d 979, 987 (8th Cir. 2013) (quoting Williams v. Taylor, 529 U.S. 420, 437 (2000)). Further, whether to grant an evidentiary hearing rests in the district court's discretion. Id. (citation omitted).

In response to Petitioner's motion, Respondent asserts that Petitioner did have an opportunity to develop his ineffective assistance of counsel claims in the state post-conviction proceedings. The record shows that Petitioner's post-conviction counsel examined Petitioner's trial attorney during an evidentiary hearing. (Resp't Ex. F) Further, Petitioner was thoroughly deposed on November 17, 2009 regarding his ineffective assistance claims. (Resp't Ex. G 47-72) In short, nothing in the record supports Petitioner's claim that he was unable to develop his claims in state court.

Additionally, with regard to Petitioner's assertion that he recently discovered new evidence, the Court finds that the allegations are insufficient to warrant an evidentiary hearing. Petitioner maintains that the new evidence would demonstrate that trial counsel was ineffective due to a medical condition. (Req. for Evidentiary Hr'g, ECF Nos. 21, 23) However, while "§ 2254(e)(2), which generally bars evidentiary hearings in federal habeas proceedings initiated by state prisoners, includes an exception for prisoners who present new evidence of their

2

**innocence**," the exception applies only where the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the underlying offense absent the constitutional error. McQuiggin v. Perkins, \_\_ U.S. \_\_, 133 S. Ct. 1924, 1933 (2013) (emphasis added). Here, Petitioner does not assert that he is actually innocent, but merely that the new evidence would demonstrate counsel's ineffective assistance. Therefore, the Court will deny Petitioner's motion for an evidentiary hearing.

With regard to the motion for appointment of counsel, the Court will also deny this motion. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead it is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). In order to determine whether appointment of counsel is appropriate, the court considers "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citations omitted). In the instant case, Petitioner's grounds for habeas relief do not appear to be factually or legally complex. Further, Petitioner has thus far been able to articulate his claims in a clear, concise manner in the original petition and the amended petitions, as well as the Traverse and amended reply, which the Court will grant leave to file. Because petitioner has demonstrated an ability to adequately present his claims without an attorney, the court finds that the interests of justice do not warrant appointment of counsel at this time. Hoggard v. Purkett, 29 F.3d 469, 472 (8th Cir. 1994).

Finally, Petitioner has filed a motion to expand the record. Petitioner proposes to file additional evidence including letters, motions, and transcript pages. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on

the merits." Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). Further, "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Id. at 1401. The restriction on the admissibility of new evidence ensures that federal courts do not become an alternative forum for adjudicating facts and issues in cases which the prisoner made insufficient effort to pursue in state court. Id. (citation and internal quotations omitted). To expand the record, a petitioner must show "'that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts.'" Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007) (quoting Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005)). Furthermore, the petitioner must establish that the facts underlying the claim are sufficient to demonstrate by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the underlying offense absent the constitutional error. Id. (citation and internal quotation omitted). As stated above, Petitioner has failed to make such a showing, and expansion of the record is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 20) is **DENIED**. If the Court later determines that counsel is necessary, it will issue an appropriate order.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Evidentiary Hearing (ECF Nos. 21, 23) are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Expansion of the Record (ECF No. 24) is **DENIED.**

**IT IS FINALLY ORDERED** that Petitioner's Motion for Leave to Amend Previous Reply (ECF No. 25) is **GRANTED.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  24th  day of March, 2014.