UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE O. HAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 2246 JMB |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Jermaine O. Hayes ("Hayes") has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has jurisdiction pursuant to the consent of the parties under 28 U.S.C. § 636(c). The Court concludes that this matter may be resolved on the existing record, without the need for an evidentiary hearing. The Court will deny Hayes' application for a writ of habeas corpus because he has not demonstrated that he is in custody in violation of the federal constitution. Additionally, no certificate of appealability will issue, because Hayes has not made a substantial showing of the denial of any federal constitutional right.

## I.    Procedural and Factual Background

### A.  Introduction

Hayes is currently serving a twenty-three year sentence at the South Central Correctional Center in Licking, Missouri, having been convicted after a jury trial in the Circuit Court of the City of St. Louis, of robbery in the first degree, attempted robbery in the first degree, and two counts of armed criminal action. The conviction and resulting sentence arise out of an incident in March of 2005 in which Hayes robbed two people in a White Castle parking lot within the City of St. Louis.

## B.  **Factual Background**[1]

In the early morning hours of March 28, 2005, David Carter and Melvin Chandler were at a White Castle restaurant on Natural Bridge Road within the City of St. Louis.  (Resp. Ex. E at 2) With them were Carter's mother, sister, and god-sister.  Around 2:00 a.m., Chandler and Carter left the restaurant to talk to some friends in the parking lot.  As they exited the building, Chandler saw Hayes in his peripheral vision, and Carter saw Hayes standing by a trash can about a foot and a half away.  (Id.)  Carter had seen Hayes previously, and Hayes looked familiar to him.  Hayes began to walk toward Carter and Chandler while attempting to pull a mask over his face.  Hayes had some difficulty getting the mask on his face, and Carter saw "85 percent of his face" before Hayes got the mask on.  (Resp. Ex. A at 89)  When he finally got the mask on, Hayes put a gun to Chandler's side, and said "give me all your money before I put something hot in you."  Chandler gave him twenty dollars.  (Resp. Ex. E at 2)  Hayes then turned to Carter and said:  "what you got?"  (Resp. Ex. A at 89)  Carter told Hayes that he didn't have any money. Hayes patted Carter down, looking for money, and then ran away.  (Id. at 91)

During this exchange, Carter's mother walked to the parking lot, saw her son being held at gunpoint, and ran back inside to call the police.  When the police arrived, Chandler and Carter gave them a description of Hayes, including his physical characteristics and the clothes he was wearing.  At the time of the robbery, Hayes was wearing Girbaud jeans and Timberland boots. (Resp. Ex. E at 2)

A few days later, on April 3, 2005, Chandler was working at his part-time job as a pizza delivery driver when he noticed the same person who robbed him a few days earlier walking

---

[1]      This factual background is taken from the trial transcript and the opinion of the Missouri Court of Appeals affirming Hayes' conviction.  The Court reviews the facts in the light most favorable to the jury verdict.

down the street.  (Resp. Ex. A at 128-31)  Chandler recognized Hayes by his facial features, and then realized that the person walking down the street had the same distinctive clothing as the robber from the White Castle parking lot.  (Id.)  Chandler called the police, who then arrested Hayes and booked him on suspicion of armed robbery.

At that point, Detectives Enoch Chambers and Dana Pickett brought Chandler and Carter down to the police station to view a live lineup.  Individually and separately, Chandler and Carter both immediately picked Hayes out of a live lineup as the man who had robbed them a few days earlier.  (Resp. Ex. E at 3)  At trial, both Chandler and Carter identified Hayes as the man who robbed them.

### C.  Procedural Background

On April 4, 2005, Hayes was charged in the City of St. Louis with robbery in the first degree, attempted robbery in the first degree, and two counts of armed criminal action.  (Resp. Ex. B at 1)  Hayes was charged as a prior and persistent offender, because of two previous felony convictions.  On February 27, 2007, a jury found Hayes guilty of all four counts.  (Id. at 6)  On March 30, 2007, the trial court sentenced Hayes, as a prior and persistent offender, to concurrent terms of twenty years for each robbery conviction and one of the armed criminal action convictions.  Hayes received three years for the other armed criminal action conviction, to be served consecutively to the twenty year sentence.  (Resp. Ex. E at 3)

On direct appeal, Hayes raised one ground for reversal:  that the trial court plainly erred in admitting evidence of the in-court and out-of-court identifications.  (Resp. Ex. C at 9)  Hayes argued that the identifications should have been suppressed because they resulted from constitutionally impermissible suggestiveness on the part of the police.  The line-up was allegedly suggestive because, during the line-up, Hayes was wearing distinctive clothing that was

similar to the clothing allegedly worn by the robber.  (Id.)  The Missouri Court of Appeals reviewed this issue only for plain error because Hayes did not file a motion to suppress the identification evidence, and did not object to its introduction at trial.  (Resp. Ex. E at 3)  That court affirmed Hayes' conviction and sentence.  (Id. at 5)

On a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, Hayes raised three grounds for relief from his judgment and sentence.  He alleged:  (1) trial counsel was ineffective for failing to take appropriate steps to proceed with an alibi defense, specifically, that he (i) failed to file a notice of alibi defense; (ii) failed to endorse or call Yoshida Williams as an alibi witness;[2] and (iii) failed to submit an alibi jury instruction; (2) trial counsel was ineffective because he failed to investigate whether Hayes owned the jeans which were introduced into evidence by the state at the time of the alleged crime; and (3) counsel was ineffective because he failed to object to certain lines of cross-examination relating to Hayes' criminal history.  (Resp. Ex. G at 29-39)

The motion court denied all of Hayes' arguments in the 29.15 motion, at which point, Hayes appealed to the Missouri Court of Appeals, arguing:  (1) ineffective assistance of counsel for failure to submit alibi instructions; and (2) ineffective assistance of counsel for failing to object to certain lines of cross-examination relating to Hayes' criminal history.[3]  (Resp. Ex. H at 10, 12)  The Court of Appeals rejected all of the grounds.  (Resp. Ex. J at 2)

Next, Hayes submitted a series of habeas corpus petitions in state court under Missouri Supreme Court Rule 91, alleging "actual innocence" of the crime.  Hayes submitted a petition to the Circuit Court of Texas County, where he is incarcerated, the Missouri Court of Appeals for

_____

[2]     Yoshida Williams is the mother of Hayes' child.  Hayes alleges that they were staying together at the time of the robbery.

[3]     Hayes failed to appeal the motion court's denial of his claim regarding ineffective assistance of trial counsel for failure to investigate the issue of ownership of the jeans.

the Southern District, and the Missouri Supreme Court.  In all of these petitions, which are substantially identical, he alleges actual innocence on the basis that:  (1) the evidence showed some inconsistencies between Hayes' physical characteristics and the descriptions given by Carter and Chandler at the scene of the crime; and (2) an affidavit by Yoshida Williams, averring that—if called to testify—she would testify that Hayes was with her on the night of the robbery.  (See, e.g., Resp. Ex. K at 5-8)  All three courts dismissed the actual innocence petition.  The Circuit Court found that the evidence proffered did not meet the "high standard" for an actual innocence claim.  (Resp. Ex. N at 2)  The Court of Appeals and the Missouri Supreme Court summarily affirmed.  (Resp. Ex. P; and Resp. Ex. R)

On December 3, 2012, Hayes timely filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging numerous violations of his constitutional rights.  (ECF No. 1)  This Court ordered the State of Missouri to show cause why the relief requested by Hayes should not be granted.  (ECF No. 6)  The State of Missouri filed a response.  (ECF No. 15)  Hayes then filed a reply to the State's response.  (ECF No. 22)  The matter is now fully briefed and may be resolved on the existing record.

## II.    Issues Raised in the Petition

Hayes raises twelve grounds for issuance of a habeas writ.[4]  As articulated by Hayes, these grounds include:

---

[4]      Hayes' original petition included eight grounds for issuance of the writ.  Grounds 9 through 12 were included in "supplemental" filings by Hayes.  (See ECF No. 3, 10)  Hayes apparently tried to amend his original petition before the State filed its response to the Court's Show Cause order.  The State responded to all twelve grounds asserted by Hayes.  Thereafter, this Court denied Hayes' motion to amend his original pleadings because "Respondent addresses these documents in the Response to Show Cause Order."  (See ECF No. 17)  Upon reconsideration of that order, this Court will allow Hayes to include his supplemental claims.  This is because Fed. R. Civ. P. 15 applies in this instance.  Rule 15(a)(1)(B) allows Hayes to amend his petition once, as a matter of course, before the filing of a responsive pleading.  In this

1) Ineffective assistance of trial counsel for failing to file a motion to suppress identifications;
2) Insufficiency of the evidence supporting the conviction;
3) Ineffective assistance of trial counsel for failing to challenge the sufficiency of the evidence;
4) Ineffective assistance of trial counsel for failing to object to cross examination regarding criminal history;
5) Ineffective assistance of trial counsel for failing to submit an alibi jury instruction;
6) Ineffective assistance of trial counsel for failing to present an alibi defense;
7) Ineffective assistance of trial counsel for failing to introduce evidence of ownership of jeans;
8) Trial court erred in admitting out-of-court identifications that were suggestive and unreliable;
9) Ineffective assistance of counsel due to incapacity and illness;
10) Actual innocence;
11) Ineffective assistance of trial counsel for representation of a potential alibi witness;
12) Ineffective assistance of trial counsel due to incapacity.

Although this is not an independent ground for a habeas writ, Petition also makes several claims of ineffective assistance of post-conviction counsel, which he asserts as cause for his procedural default of several other claims. The Court will address these claims, in depth, below.

## III. Discussion

### A. Applicable Legal Standards

#### 1) Standard of Review and Procedural Framework

Review of Hayes' claims is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA mandates a review of Hayes' claims that is both "limited and deferential" to the decisions of the state courts. Lumholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under AEDPA, a federal court may not issue a writ of habeas corpus to a state prisoner

---

instance, Hayes did amend before the state filed its response to the Show Cause order. Additionally, this Court finds that under Rule 15(a)(2), Hayes should be allowed to amend his original petition because the Court should "freely give leave" to amend when justice so requires. Because there was no prejudice to the State in this instance (they responded to all twelve grounds) and because the additional grounds are easily dealt with, justice requires this Court to allow Hayes' amendments.

unless the state court's adjudication of a constitutional claim "was contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court, or was an unreasonable determination of the facts in light of the evidence presented in state court." Cole v. Roper, 623 F.3d 1183, 1187 (8th Cir. 2010) (citing 28 U.S.C. § 2254(d)).  Thus, a state court decision "may be incorrect, yet still not unreasonable…." Id.  A federal court may grant habeas relief "only if the state court decision is both incorrect and unreasonable.  Id.

"A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts.'" Bucklew v. Leubbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).  A state court decision is "an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle … but unreasonably applies that principle to the facts of the prisoner's case.'" Id. "Further, 'a determination of a factual issue made by a State court [is] presumed to be correct' in a federal habeas proceeding." Cole, 623 F.3d at 1187 (quoting 28 U.S.C. § 2254(e)(1)).

Because several of Hayes' claims challenge the quality of his legal representation, a discussion of the constitutional standard of deficient representation is necessary.  In order to prevail on an ineffective assistance of counsel claim, Hayes must demonstrate both that counsel's performance was constitutionally deficient, and that he was prejudiced thereby. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing Strickland, 466 U.S. at 689).  Thus, "[u]nder Strickland, counsel's performance is

'measured against an objective standard of reasonableness,' and 'hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's judgments.'" Id. (quoting Rompilla v. Beard, 545 U.S. 374, 380-81 (2005)).  Strickland "[p]rejudice is shown by demonstrating that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Id.  (citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)).  Thus, in order to prevail on the prejudice prong, Hayes must show "that but for counsel's deficiency there is 'a reasonable probability that … the result of the proceeding would have been different.'" Lamar v. Graves, 326 F.3d 983, 985 (8th Cir. 2003) (quoting Strickland, 466 U.S. at 694).

Hayes must prevail on both prongs of the Strickland standard in order to obtain relief. See Worthington v. Roper, 631 F.3d 487, 498 (8th Cir. 2011) ("Failure to establish either Strickland prong is fatal to an ineffective-assistance claim.").

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review," Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 131 S. Ct. 1388, 1410 (2011)).  "Under AEDPA, we must then give substantial deference to the state court's predictive judgment [regarding Strickland prejudice].  So long as the state court's decision was not 'contrary to' clearly established law, the remaining question under the 'unreasonable application' clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is correct." Id.  (citing Harrington v. Richter, 131 S. Ct. 770, 785 (2011)).  "This standard was meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" Id.  (quoting Harrington, 131 S. Ct. at 786).  "If the state court 'reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions,' then federal

review under AEDPA is at an end."  Id. at 832 (quoting Preno v. Moore, 131 S. Ct. 733, 740, 744 (2011)).

### 2)    Procedural Default

The state alleges that Hayes has procedurally defaulted most of his claims.  Because the procedural default doctrine affects a majority of Hayes' claims, a discussion of the standards governing procedural default is necessary.

Where a federal habeas corpus petitioner fails to follow a rule of state procedure at trial, on appeal, or on state post-conviction review, a federal habeas court should dismiss the petition, unless the petitioner can show either:  (1) good cause for failure to follow the rule of state procedure, and actual prejudice resulting therefrom; or (2) that a miscarriage of justice would result if the court did not address the merits of the petitioner's claim.  See Wainwright v. Sykes, 433 U.S. 72 (1977); and Murray v. Carrier, 477 U.S. 478, 495-96 (1991).

Also applicable to this case is whether a federal court is procedurally barred from reviewing a claim that Hayes originally defaulted, but the state appellate court reviewed for plain error.  This question was resolved in Clark v. Bertsch, 780 F.3d 873, 877 (8th Cir. 2015) (holding that a state court's discretionary plain-error review of unpreserved claims cannot excuse procedural default).  Any claim defaulted at trial and reviewed for plain error is procedurally defaulted before this Court and may not be reviewed absent a showing of cause and prejudice.

### 3)    Martinez v. Ryan

In response to the state's assertion of procedural default, Hayes argues that ineffectiveness of his post-conviction relief ("PCR") counsel serves as cause for his procedural

default.[5]  The Court notes that alleged attorney errors in initial-review collateral proceedings may, in certain instances, qualify as cause for a procedural default.  Martinez v. Ryan, 132 S. Ct. 1309 (2012).  But in order for ineffective assistance of PCR counsel to excuse a procedural default, Hayes must demonstrate that the underlying ineffective assistance of counsel claim is a "substantial one," which means that it has some merit.  Id. at 1318.

As further explained by the Eighth Circuit:  "A federal court is allowed to find 'cause,' thereby excusing a habeas petitioner's procedural default...where (1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the 'ineffective-assistance-of-trial-counsel claim.'"  Dansby v. Hobbs, 766 F.3d 809, 834 (8th Cir. 2014) (citing Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013).  If Hayes can demonstrate all three of these requirements, then he has demonstrated cause excusing his procedural default.  As explained below, however, Hayes cannot meet this standard for any of his defaulted grounds.

### B.  Grounds

As noted above, Hayes alleges twelve grounds for issuance of a writ of habeas corpus.  As discussed in more detail below, only grounds 4 and 5 are properly before this Court.  The rest are either non-cognizable (Ground 10) or procedurally defaulted (all remaining grounds).  As it relates to the grounds properly before this Court, Hayes has not demonstrated that he is in custody in violation of 28 U.S.C. § 2254; nor has he made a substantial showing of deprivation of a federal constitutional right, as required for a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

---

[5]  See ECF No. 22 at 6-7 ("Petitioner presents ineffective assistance of post-conviction counsel as cause to why his claims must be heard by this court.")

## 1. **Ineffective assistance of trial counsel for failing to file a motion to suppress identifications**

Hayes' first ground is a claim that his trial counsel was constitutionally deficient for failing to file motions to suppress identifications that formed the basis of much of the State's evidence against him. (ECF No. 1 at 5) The Court cannot consider this claim, however, because Hayes did not present it to the Missouri courts, either on direct appeal, or as part of his Rule 29.15 motion. It is procedurally defaulted. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).

Hayes attempts to excuse his procedural default under Martinez v. Ryan, 132 S. Ct. 1309 (2012) and Trevino, 133 S. Ct. 1911. (See ECF No. 22 at 6-7) ("Petitioner presents ineffective assistance of post-conviction counsel as cause to why his claims must be heard by this court.") Hayes simply cites Martinez and Trevino, and then says that because he alleges ineffective assistance of PCR counsel, this Court must entertain his claim on the merits. (See ECF No. 22 at 6) This is a conclusory assertion, and Hayes alleges no facts that would support a finding of ineffective assistance of PCR counsel under Martinez or Trevino.[6]

Not only does Hayes fail to allege facts demonstrating that his post-conviction counsel was ineffective, but the record in fact shows that Hayes was satisfied with the performance of his post-conviction relief counsel. In his deposition for the evidentiary hearing in the Rule 29.15 motion court, Hayes said that there were no additional claims that he wanted his PCR counsel to raise. He went on to say that "I have no complaints about the work done by [PCR counsel]." (Resp. Ex. G, Dep. Of Jermaine Hayes, at 18) This undercuts Hayes' current argument that his PCR counsel was constitutionally deficient.

---

[6]     Hayes appears to believe that alleging claims of ineffective assistance of post-conviction counsel requires mandatory review by this Court. That is not the case. Nonetheless, the Court has liberally construed Hayes' petition and argument to afford him the broadest possible review of his claims.

Furthermore, under Martinez, a petitioner seeking review of procedurally defaulted claims must not only allege ineffective assistance of post-conviction counsel, but must demonstrate that the underlying ineffective assistance of counsel claim is a "substantial one, which is to say that [Hayes] must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318. Therefore, in order to excuse his failure to present this argument to the Missouri courts, Hayes must demonstrate that he has a substantial claim of ineffective assistance of counsel for failure to file a motion to suppress evidence.

As discussed above, the standard for claims of ineffective assistance of counsel is governed by Strickland v. Washington. Thus, Hayes must demonstrate that his counsel's performance in not filing a motion to suppress identification evidence was objectively unreasonable and that there is a reasonable probability that the outcome of his case would have been different if counsel had raised the claim. Armstrong, 195 F.3d at 444. Hayes can demonstrate neither prong of this inquiry. First, his counsel was not ineffective, because counsel is not required to raise every colorable claim. Roe, 160 F.3d at 418. Here, there was not even a colorable claim, because the identifications were properly admitted into evidence. The Missouri courts analyzed the legality of the identification evidence on direct appeal, and held that the identifications were properly admitted. This ruling cited the correct governing law, and reasonably applied that law to the facts of this case, in accordance with § 2254(d)(1). The court noted correctly that "Identification testimony is admissible unless the pretrial identification procedure is impermissibly suggestive and this suggestive procedure made the identification unreliable." (Resp. Ex. E at 4) This is in accordance with federal law. See Neil v. Biggers, 409 U.S. 188, 196-97 (1972).

Next, the Missouri court applied that law in a reasonable fashion and its factual findings are likewise reasonable. As noted in the factual background above, the robber worse distinctive jeans and boots and Hayes was arrested wearing the same type of jeans and boots. In the line-up, Hayes was wearing the same jeans and boots. The Missouri court, however, held that the identifications in this case were not based solely on the clothing Hayes wore during the line-up procedures. Rather, both victims—Carter and Chandler—testified at trial that they recognized Hayes from his facial features. Therefore, because the identifications were not based solely upon the clothes that Hayes was wearing, the Missouri courts held the lineups were not impermissibly suggestive. This is a reasonable application of federal due process law. See United States v. Sublet, 644 F.2d 737, 742 (8th Cir. 1981) (holding that a lineup was not impermissibly suggestive where defendant was the only lineup participant wearing bright and distinctive clothing, but witness testified that his identification was based upon defendant's build and facial features). Therefore, Hayes' trial counsel was not constitutionally deficient for failing to file a meritless motion.

Second, even if counsel should have filed a motion to suppress, Hayes suffered no prejudice, because the motion would have been denied. As noted above, the Missouri courts, on direct review, determined that the procedures used were not impermissibly suggestive. As discussed above, this analysis was not incorrect, or unreasonable under federal law. See Sublet, 644 F.2d at 742. Thus, the identifications were admissible in any event, so Hayes can demonstrate no prejudice from his counsel's failure to file a motion to suppress the identifications. Hayes's underlying ineffective assistance of counsel claim is therefore not substantial, so even if his post-conviction attorney was ineffective, he still cannot establish cause under Martinez. Ground one is denied.

## 2. <u>Insufficiency of the evidence</u>

Hayes' second ground is that there was insufficient evidence to convict him of robbery. The Court also cannot consider this claim, because Hayes did not present it to the Missouri courts, either on direct appeal, or as part of his Rule 29.15 motion. Thus, it is procedurally defaulted. <u>See</u> <u>Abdi</u>, 450 F.3d at 337.

As with Ground 1, Hayes again argues ineffectiveness of PCR counsel as cause for his procedural default. (<u>See</u> ECF No. 22 at 6-7) ("Petitioner presents ineffective assistance of post-conviction counsel as cause to why his claims must be heard by this court.") Again, Hayes' assertions are cast in conclusory terms, without factual allegations concerning PCR counsel's purported shortcomings. Hayes' assertion of ineffectiveness of PCR counsel is also undercut by his assertions earlier that he had no complaints about his PCR counsel, and that she brought up every point that he wanted to raise. (Resp. Ex. G, Dep. Of Jermaine Hayes, at 18)

Most importantly, however, <u>Martinez</u> excuses procedural default for ineffective assistance of trial counsel claims. <u>Martinez</u>, 132 S. Ct. at 1320. The rationale is that, because Missouri courts require such claims to be brought in 29.15 motions, the 29.15 court is the first and only court to have ruled on such a motion. Sufficiency of the evidence claims, by contrast, can be brought up on direct appeal. So <u>Martinez</u> is inapplicable in this context. Because Hayes has not proved cause for his failure to present this claim to the Missouri courts, this Court cannot consider the merits. <u>See</u> <u>Wainwright</u>, 433 U.S. at 87.

Even if this Court could reach the merits of Hayes' sufficiency of the evidence claim, the Court would find the claim unavailing. This is because a collateral attack upon the sufficiency of the evidence is reviewed by asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis added). Moreover, when faced with evidence that allows conflicting inferences, this Court must presume that the jury resolved such conflicts in the state's favor. Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994).

In this case, it is clear that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Eyewitness evidence is—in and of itself—sufficient evidence for a jury to find guilt. See United States v. Tillman, 765 F.3d 831, 834 (8th Cir. 2014) (holding that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction). Here, there were two witnesses who had ample opportunity to view Hayes' face, because he didn't have his mask on when he approached them; one of the witnesses saw "85 percent" of Hayes' face; both victims independently and immediately identified Hayes at the lineup; and Hayes was wearing distinctive clothing that night, which was then found on Hayes only a few days thereafter. This Court must credit the eyewitness's identifications of Hayes, and after giving the jury the required deference, this is sufficient evidence for the jury to find Hayes guilty of the crimes charged. See McDaniel v. Brown, 558 U.S. 120, 133 (2010) (noting that the Jackson standard looks to whether there is sufficient evidence which, *if credited*, could support the conviction).[7] In addition to the eyewitness testimony, the state also relied on security

---

[7]     In Missouri, the elements of robbery in the first degree are found at § 569.020.1, R.S.Mo. A person commits the crime of first-degree robbery when he forcibly steals property and in the course thereof, he, or another participant in the crime: (1) causes serious physical injury to any person; or (2) is armed with a deadly weapon; or (3) uses or threatens the immediate use of a dangerous instrument against any person; or (4) displays or threatens the use of what appears to be a deadly weapon or dangerous instrument. Thus, a conviction for first-degree robbery here requires the state to show that Hayes: (1) forcibly stole property from another while using or threatening the use of what appeared to be a deadly weapon. See State v. Sistrunk, 414 S.W. 3d 592, 597 (Mo. Ct. App. 2013).
        Meanwhile, to be found guilty of armed criminal action, there must be proof the defendant committed a "felony under the laws of this state by, with, or through the use,

surveillance video and presented inconsistent statements from Hayes regarding his whereabouts at the time in question.  (Resp. Ex. G. at 76)

Because the *uncorroborated* testimony of a *single* eyewitness can be sufficient evidence to support a conviction, as noted in Tillman, it follows that the consistent testimony of two eyewitnesses must be sufficient to support Hayes' conviction.  In this case, the State presented evidence in addition to the eyewitness identification evidence, as discussed above.  Therefore, Hayes would not be entitled to habeas relief on this ground, even if the Court could reach the merits of his claim.

### 3. Ineffective assistance of trial counsel for failing to challenge the sufficiency of the evidence

Hayes' third ground is that his trial counsel was ineffective for failing to challenge the sufficiency of the evidence.  This claim was not raised in either direct appeal or post-conviction proceedings.  Thus, it is procedurally defaulted.  Flieger, 16 F.3d at 885.  Once more, Hayes makes general and conclusory assertions that his PCR counsel was ineffective, thus constituting cause under Martinez and Trevino for his procedural default.  But once again, Hayes makes no specific factual allegations regarding the conduct and alleged deficiencies of his PCR counsel, and the Court again notes that Hayes was satisfied with his PCR counsel earlier.  It is only when ineffectiveness of PCR counsel may excuse his procedural default that he began asserting that PCR counsel was deficient.

Even if Hayes had properly alleged specific deficiencies with his post-conviction counsel, he would still have to demonstrate that his underlying ineffective assistance of counsel claim is a

---

assistance or aid of a dangerous instrument or deadly weapon."  Id.; see also § 571.015.1 R.S.Mo.  It is clear that both eyewitnesses—Carter and Chandler—testified to the elements of both robbery in the first degree, and armed criminal action when they testified that Hayes brandished a gun to coerce them to hand over money.

"substantial" one, as required under Martinez. Hayes' underlying ineffectiveness claim is not a substantial one for several reasons. First, trial counsel did in fact move the trial court for directed verdicts at the appropriate times, arguing that there was insufficient evidence to send the case to the jury. (See, e.g., Resp. Ex. A. at 151-52, 170-71) Hence, strictly speaking, this ground fails on its face because trial counsel raised the very challenge in question. Thus, Hayes' counsel was not deficient, as required under Strickland and his claim is refuted by the record.[8]

Second, there would be no prejudice to Hayes even if counsel had failed to make this objection, because as discussed above, it is clear that a challenge to the sufficiency of the evidence would have been unavailing. Sufficient evidence supports the conviction. There can be no violation of the Sixth Amendment right to effective assistance of counsel where counsel failed to make a frivolous argument. Because Hayes' underlying ineffectiveness claim is not a substantial one, any alleged ineffectiveness of Hayes' PCR counsel cannot constitute cause for his procedural default under Martinez.

Finally, even if this Court could consider the merits of Hayes' claim, it is clear that the argument would be unavailing. First, as discussed above, Hayes' claim is not a substantial one,

---

[8]     Although Hayes describes this ground for habeas relief as one in which counsel was ineffective for failing to object to the sufficiency of the evidence, Hayes also makes allegations that his trial counsel improperly withdrew objections to two exhibits. (See ECF No. 1 at 8) The Court will liberally construe these allegations to be an additional claim of ineffectiveness of counsel based on trial counsel's failure to object to the introduction of inculpatory evidence. If in fact Hayes is making such an allegation, the Court would not be able to grant relief on this ground for several reasons. First, any such ineffectiveness allegation is procedurally defaulted because Hayes did not present it to the Missouri Courts. See Cox v. Lockhart, 970 F.2d 448, 454 (8th Cir. 1992). Second, this Court cannot grant relief on the basis of alleged violations of state evidentiary law. See Dowling v. United States, 493 U.S. 342, 352 (1990) (holding that an evidentiary issue only assumes constitutional significance where its introduction is so extremely unfair that its admission violates fundamental conceptions of justice). The admissibility of the two exhibits discussed by Hayes (Resp. Ex. A at 56, and 74) was clearly an issue of state evidentiary law. Finally, to the extent that Hayes is raising these several related arguments as independent grounds for relief, this Court is precluded from engaging in a cumulative effects analysis. See Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

so it cannot be a meritorious one.  Second, as discussed in Part III(B)(2), above, sufficient

evidence supported Hayes' conviction, so Hayes would not have suffered any prejudice by

counsel failing to raise this issue as required by <u>Strickland</u>.  For all of the above reasons, Hayes

is not entitled to habeas relief on this ground.

### 4. <u>Ineffective assistance of trial counsel for failing to object to the prosecutor's cross-examination of Hayes concerning his criminal history</u>

Hayes' fourth ground is his claim that trial counsel was ineffective for failing to object to

the prosecutor's cross-examination of Hayes regarding the details of his criminal history.  (ECF

No. 1 at 10)  As background, the Court notes that Hayes testified in his own defense in this case.

(Resp. Ex. A at 1553-69)  Knowing that his client had two felony convictions for bank fraud,

trial counsel inquired about those convictions briefly during his direct examination of Hayes.  In

response, Hayes described the second conviction as follows:  "unfortunately, I wrote another bad

check, which related to being another bank fraud."  (Resp. Ex. A at 154)  Seizing on this

characterization, the prosecutor inquired on cross examination into the fact that Hayes had not

merely written "another bad check," but had in fact been involved with writing a series of forged

checks.  (Id. at 157-58)  The prosecutor also questioned Hayes regarding his whereabouts at the

time of the robbery.

In this ground for relief, Hayes contends that his counsel should have objected to:  (1)

questioning regarding the number of forged checks involved in Hayes' prior federal conviction

for forgery, and (2) questioning regarding whether Hayes was supposed to be at a halfway house

at the time of the robbery.  (ECF No. 22 at 10-11)  This claim is properly before the Court,

because Hayes has fully exhausted his remedies.  But in adjudicating this claim on the merits, the

Missouri courts cited the correct governing law and reasonably applied it to the facts of this case. Therefore, Hayes is not entitled to the writ on this ground. See 28 U.S.C. § 2254(d)(1).

First, the Court notes that the Missouri courts used the correct standard for ineffective assistance of counsel analysis. (Resp. Ex. G at 78, Resp. Ex. J. at 2-3) ("Under Strickland, [Hayes] must demonstrate that: (1) his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he was prejudiced by that failure.")

Second, the Missouri courts reasonably applied that law to the facts of this case. In so finding, this Court notes that the admissibility of criminal history evidence is a state law evidentiary question, and this court is bound by the Missouri courts' disposition of this state law question. See Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The Missouri courts found that questioning relating to Hayes' criminal history was not improper, because Hayes took the stand and discussed his prior convictions, as well as his whereabouts on the night of the robbery. Because Hayes so testified, "the prosecutor was entitled to challenge" Hayes' assertions. (Resp. Ex. J. at 4-5) Indeed, this Court agrees that Hayes opened the door to questions regarding his criminal history and his "whereabouts" at the time of the robbery because he testified regarding these topics on direct examination. (Resp. Ex. A at 153-56)

The Missouri courts then found that because the questions were permissible, counsel could not be ineffective under Strickland for failing to object, and in any event, Hayes could suffer no prejudice from counsel's failure to object, because the questioning was proper and the objection would have been overruled. This is a reasonable application of the law under Strickland, and thus, Hayes is not entitled to a writ on this ground. See Grooms v. Lockhart, 919

F.2d 505, 508 (8th Cir. 1990) (holding that habeas petitioner did not receive ineffective assistance of counsel where his trial attorney failed to object to questioning regarding petitioner's criminal history where petitioner testified regarding the criminal history on direct examination); cf. Jenner v. Class, 79 F.3d 736, 740-41 (8th Cir. 1996) (holding that trial counsel was not ineffective for failing to object to prosecutor's questioning of an alibi defense where defendant filed a notice of alibi defense).

Because the prosecutor's questions were permissible under state law—a determination that is binding on this Court—the Missouri Court of Appeals correctly and reasonably concluded that Hayes' right to effective assistance of counsel was not violated. Hayes is not entitled to relief on this ground.

## 5. Ineffective assistance of trial counsel for failing to submit alibi jury instructions

Hayes' fifth ground is that his trial counsel was ineffective for failing to submit alibi jury instructions to the trial court judge. (ECF No. 1 at 16) This claim is properly before the Court because Petitioner has fully exhausted his remedies before the Missouri courts. In adjudicating this claim on the merits, the Missouri courts cited the correct governing law and reasonably applied it to the facts of this case. Therefore, Hayes is not entitled to the writ on this ground. See 28 U.S.C. § 2254(d)(1).

Again, the Court first notes that the Missouri courts stated correctly the Strickland standard governing ineffectiveness of counsel claims. (Resp. Ex. G at 78; Resp. Ex. J at 2-3) Next, the Court finds that the Missouri courts reasonably applied that law to the facts of this case. In so finding, the Court notes that whether Hayes was entitled to alibi jury instructions was a matter of state law, and the state courts determined that, because Hayes did not submit a notice

of alibi, he was not entitled to later submit alibi jury instructions.  (Resp. Ex. J at 3)  This determination of state law is binding on this Court.

Additionally, the Missouri Court of Appeals held that Hayes presented "no substantial evidence of an alibi" and therefore, was not entitled to an alibi instruction.  (Id.)  This Court is bound by that determination of state law as well.  See Dodge, 625 F.3d at 1019.  Also, the Missouri courts found that Hayes' contention that he was not present at the crime scene because he was home in bed at that time was a denial, not an alibi.  (Resp. Ex. J at 3)  Thus, no alibi instruction would have been warranted.  The Missouri courts then noted that, because Hayes was not entitled to submit alibi jury instructions, his trial counsel could not be ineffective for failing to request them.  This is a reasonable application of the Strickland standard.  Hayes is not entitled to a writ of habeas corpus on this ground.

### 6.  Ineffective assistance of trial counsel for failing to present an alibi defense

Hayes' sixth ground is that his trial counsel was ineffective for failing to present an alibi defense.  (ECF No. 1 at 17)  Although Hayes originally presented this claim to the 29.15 Motion Court, he did not appeal that court's adverse ruling.  On appeal, he simply argued that trial counsel was ineffective for failing to submit an alibi instruction.  (See Resp. Ex. H at 10)  As such, this claim is procedurally defaulted to the extent that it goes beyond the claim governing submission of alibi instructions.  See Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994) (holding as procedurally barred, a claim made before the 29.15 court that was not appealed to the Missouri Court of Appeals).[9]

---

[9]     To the extent that Hayes' current claim overlaps with the claim concerning alibi instructions, it is denied for the reasons discussed in the previous section.

Once again, Hayes makes generalized assertions that Martinez entitles him to review. But Hayes alleges no facts to show that his PCR counsel was ineffective for failing to bring up this claim. Additionally, Hayes cites no legal authority for the proposition that ineffective assistance of PCR counsel *on appeal* can constitute cause. Martinez applies to claims of ineffective assistance of PCR counsel at the "initial" collateral review stage. See Martinez, 132 S. Ct. at 1315 (holding that "inadequate assistance of counsel at *initial-review* collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial") (emphasis added). See also Dansby v. Hobbs, 691 F.3d 934, 936 (8th Cir. 2012) (holding that Martinez does not extend to attorney errors in any proceeding beyond the first occasion the state allows a prisoner to raise a claim of ineffective assistance of trial counsel). Because ineffectiveness of appellate PCR counsel cannot constitute cause for a procedural default under Martinez, Hayes is not entitled to review on his fifth ground. Hayes has procedurally defaulted this claim.

Additionally, even if the Court could reach the merits of this ground, this argument would be unavailing because the Missouri 29.15 Motion court rejected this contention, and in doing so, it correctly cited federal law and reasonably applied that law to the facts of this case in accordance with § 2254(d)(1). (Resp. Ex. G, Rule 29.15 Motion Court Order of March 30, 2010 at 5-7)

First, the 29.15 court correctly identified the relevant federal law—the Strickland standard. (Id. at 6) Second, the 29.15 court reasonably applied that law to the facts of this case. The court noted that counsel's decision not to focus on an alibi defense, and instead focus on a defense theory of misidentification was a strategic one based upon a weighing of relative risks, costs, and chances of success. (See id.) ("[I]t is clear from the record that defense counsel made a

strategic decision to rely on discrepancies between the victim's' descriptions of their assailant to the police and Hayes' actual appearance and not to present an alibi.")

The 29.15 court then held that "defense counsel acted within the wide range of reasonable professional assistance in determining that he should focus on the likelihood of misidentification." (Id.) This is a reasonable application of federal law. See Simmons v. State of Iowa, 28 F.3d 1478, 1481 (8ᵗʰ Cir. 1994) ("Strategic choices made after thorough investigation of law and fact … are virtually unchallengeable."). Thus, Hayes is not entitled to relief on this ground because he procedurally defaulted the claim, and even if this Court could reach the merits, Hayes' arguments would be unavailing.[10]

### 7. Ineffective assistance of trial counsel for failing to introduce evidence of ownership of jeans

Hayes' seventh ground is that his trial counsel was ineffective for failing to introduce evidence that he did not own a pair of the distinctive Giraud jeans that the robber wore until April 2, 2005, which was after the robbery, and the day before he was arrested. (ECF No. 1 at 18) Hayes claims that his counsel should have conducted an investigation—perhaps including interviewing employees of the clothing store where he claims he bought the jeans—in order to show that on the night in question, he did not own the distinctive jeans worn by the robber.

Although Hayes originally presented this claim to the 29.15 Motion Court, he did not appeal that court's adverse ruling. As such, this claim is procedurally defaulted. See Flieger , 16

---

[10] Additionally, it is clear from the trial transcript that Hayes himself testified to his whereabouts. Hayes initially told the police that he was at his grandmother's house at the time of the purported robbery. When his grandmother would not confirm his alibi, Hayes then asserted that he was "confused" about the time that the police were asking about. He then said that he was at Ms. Williams' house. It is clear that the jury received all of this information, and chose to disbelieve Hayes. In fact, the trial judge overruled the prosecutor's objection to Hayes' testimony because there was no notice of alibi; but the jury received this information anyway, and thus, Hayes was not prejudiced by the failure to present an alibi defense at the outset of the trial. (See Resp. Ex. A at 153-69)

F.3d at 885 (holding as procedurally barred, a claim made before the 29.15 court that was not appealed to the Missouri Court of Appeals). Once again, Hayes makes generalized assertions that <u>Martinez</u> entitles him to review. But Hayes alleges no facts to show that his PCR counsel was ineffective for failing to bring up this claim. Additionally, Hayes cites no legal authority for the proposition that ineffective assistance of PCR counsel *on appeal* can constitute cause. <u>Martinez</u> applies to claims of ineffective assistance of PCR counsel at the initial collateral review stage. <u>See</u> <u>Martinez</u>, 132 S. Ct. at 1315 (holding that "inadequate assistance of counsel at *initial-review* collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial") (emphasis added). <u>See also</u> <u>Dansby v. Hobbs</u>, 691 F.3d 934, 936 (8th Cir. 2012) (holding that <u>Martinez</u> does not extend to attorney errors in any proceeding beyond the first occasion the state allows a prisoner to raise a claim of ineffective assistance of trial counsel). Hayes has procedurally defaulted this claim.

Although this Court cannot review the merits of Hayes' claim, it is clear that even if the Court could reach the merits of this claim, it would be unavailing because the Missouri 29.15 Motion court rejected this contention, and in doing so, it correctly cited federal law and reasonably applied that law to the facts of this case in accordance with § 2254(d)(1). (Resp. Ex. G, Rule 29.15 Motion Court Order of March 30, 2010 at 5-7)

The 29.15 court correctly cited the <u>Strickland</u> standard, and reasonably applied that standard to the facts of this case. The 29.15 court found that Hayes failed to prove when he purchased the jeans, and that "[g]iven the lack of extrinsic proof that such a transaction occurred as described by Hayes, there is no basis to find that defense counsel performed deficiently." (Id. at 7). This is a reasonable application of the <u>Strickland</u> standard because Hayes simply alleges that his counsel should have contacted a commercial store to see if they sold a similar pair of

jeans on the day that Hayes says he bought them. Hayes' argument is purely speculative. He offers no evidence—apart from his testimony, which the jury and the 29.15 court found to be not credible—that prove when he purchased the jeans at issue. The 29.15 Court's determination that trial counsel was not deficient was neither incorrect nor unreasonable.

Additionally, regardless of whether or not counsel should have made this investigation, there is no reasonable probability that counsel going to that store and asking whether they sold a similar pair of jeans on that day would have changed the outcome of Hayes' trial. The witnesses who identified Hayes testified that they recognized him by his facial features. Although defense counsel vigorously cross-examined the witnesses, and suggested that it was the distinctive jeans that caused the identification, it is clear that the jury received all of this conflicting testimony, and believed the witnesses that they recognized Hayes based on his facial features. Because the witnesses recognized Hayes from his facial features, it is irrelevant whether he owned the disputed jeans or not. See Cochran v. Dormire, 701 F.3d 865, 870 (8th Cir. 2012) (holding that there is no ineffective assistance of counsel for failure to investigate potential alibi witness where there is no reasonable probability that that alibi witness would have changed the outcome of the trial). Hayes is not entitled to relief on this ground.

### 8. Trial Court erred in admitting out-of-court identifications that were suggestive/unreliable

Hayes' eighth ground is that the trial court erred in admitting the out-of-court identifications by Carter and Chandler. This claim was brought up on direct appeal, but reviewed for plain error because at trial, Hayes did not object to the admission of the identifications. Review for plain error does not lift a procedural bar. See Clark v. Bertsch, 780 F.3d 873, 877 (8th Cir. 2015) (holding that a state court's discretionary plain-error review of unpreserved claims cannot excuse procedural default). This ground is procedurally defaulted.

Once again, Hayes makes general allegations that errors by PCR counsel entitle him to plenary review of his habeas claims on the merits. This argument is unavailing, however, because Hayes' claim does not relate to ineffective assistance of trial counsel. Martinez excuses procedural default for ineffective assistance of trial counsel claims. The rationale is that, because Missouri courts require such claims to be brought in 29.15 motions, the 29.15 court is the first and only court to have ruled on such a motion. Claims that identification evidence were improperly admitted into evidence, by contrast, can be brought up on direct appeal. So Martinez is inapplicable in this context. Because Hayes has not proved cause for his procedural default, this Court cannot consider the merits. See Wainwright, 433 U.S. at 87.

Even if this Court were to entertain the merits of Hayes' claim, his arguments would be unavailing, because in ruling upon this point on direct appeal, the Missouri Court of Appeals identified the correct governing law, and reasonably applied the facts of this case to that law, in accordance with AEDPA. See § 2254(d)(1).

As an initial matter, the Missouri court correctly noted that "[i]dentification testimony is admissible unless the pretrial identification procedure is impermissibly suggestive and this suggestive procedure made the identification unreliable." (Resp. Ex. E at 4) This is in accordance with federal law. See Neil v. Biggers, 409 U.S. 188, 196-97 (1972).

Next, the Missouri court applied that law in a reasonable fashion when it held that the identifications in this case were not solely based on the clothing the defendant was wearing during the lineup. Instead, Carter and Chandler testified at trial that they recognized Hayes from his face. Therefore, because the identifications were not based solely upon the clothes that Hayes was wearing, the Missouri courts held the lineups were not impermissibly suggestive. This is consistent with federal due process law. See United States v. Sublet, 644 F.2d 737, 742

(8th Cir. 1981) (holding that a lineup was not impermissibly suggestive where defendant was the only lineup participant wearing bright and distinctive clothing, but witness testified that his identification was based upon defendant's build and facial features).  The Missouri courts' adjudication of this issue was neither incorrect nor unreasonable.  Thus, even if this Court could reach the merits of Hayes' claim, it would be unavailing under § 2254(d)(1).[11]

### 9.  <u>Ineffective assistance of counsel due to incapacity/illness</u>

In Hayes' ninth ground, he argues that he received ineffective assistance of counsel because his trial counsel was undergoing cancer treatment and suffered from memory loss as a result of that treatment.  (ECF No. 3 at 2)  This claim was not raised in post-conviction proceedings.  It is procedurally defaulted.  <u>Flieger</u>, 16 F.3d at 885.

Hayes claims that ineffectiveness of his post-conviction counsel constitutes cause for failure to include this claim in his post-conviction motion, thereby excusing the procedural default.  (<u>See</u> ECF No. 22 at 6-7) ("Petitioner presents ineffective assistance of post-conviction counsel as cause to why his claims must be heard by this court.")  Once again, this Court notes that Hayes' assertion is generalized and conclusory—he simple states that all of his procedurally

---

[11]     Because the Missouri courts correctly and reasonably found that the identifications at issue in this case were not procured as a result of impermissibly suggestive police procedures, there is no need to address reliability under <u>Neil v. Biggers</u>.  The Court independently notes, however, that under the relevant factors from that case, Chandler's and Carter's identifications were reliable.  This is because:  (1) the witnesses had a good opportunity to view Hayes at the time of the robbery—one witness claimed to see "85 percent" of his face, and Hayes was standing right next to the robbery victims; (2) the witnesses were obviously paying close attention to Hayes because he was robbing them and armed with a gun; (3) the witnesses gave somewhat accurate descriptions of Hayes, although it appears that they may have misestimated his height; (4) the witnesses demonstrated a high level of certainty that Hayes was the robber, both at the post-arrest lineup, and at trial; and (5) the identification was only a few days after the robbery.  Taking all of the factors into account, most of them strongly support the reliability of Chandler's and Carter's identifications.  Because "reliability is the linchpin in determining the admissibility of identification" evidence, these identifications would have been admitted, even if the police had employed suggestive procedures.  <u>Manson v. Brathwaite</u>, 432 U.S. 98, 114 (1977).

defaulted claims are excused by ineffective PCR counsel without alleging any facts specific as to PCR counsel's actions. Also, Hayes is on record saying that he is satisfied with the representation given to him by post-conviction counsel. In his deposition for the evidentiary hearing in the Rule 29.15 motion court, he said that there were no additional claims that he wanted PCR counsel to raise. He went on to say that "I have no complaints about the work done by [PCR counsel]." (Resp. Ex. G, Dep. Of Jermaine Hayes, at 18)

Also, under Martinez, a petitioner seeking review of procedurally defaulted claims must not only allege ineffective assistance of post-conviction counsel, but must demonstrate that the underlying ineffective assistance of counsel claim is a "substantial one, which is to say that [Hayes] must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318. Therefore, in order to excuse his failure to present this argument to the Missouri courts, Hayes must demonstrate that he has a substantial claim of ineffective assistance of counsel due to incapacity or illness.

The Court finds that the underlying ineffective assistance of counsel claim is not a substantial one. Hayes' main allegation in support of this theory is a line of questioning by PCR counsel, directed to Hayes' trial attorney, at Hayes' post-conviction evidentiary hearing. There, trial counsel said he did not independently remember details of his representation of Hayes. (Resp. Ex. F at 6) PCR counsel suggested that trial counsel was undergoing cancer treatment in January of 2006, before he entered his appearance for Hayes, and that that treatment affected his memory. (Id. at 7-8) But the testimony at that hearing also established that trial counsel was not undergoing treatment at the time he was representing Hayes. (Id. at 10) Because trial counsel testified that he was not undergoing any special treatment at the time that he represented Hayes, PCR counsel ended that line of questioning focused on trial counsel's health. (Id.) Thus, there

was no evidence that Hayes' trial counsel suffered from an impaired memory at trial. A *lack of evidence* as to counsel's health at trial cannot give rise to a claim for ineffective assistance of counsel. <u>See</u> <u>Burt v. Titlow</u>, 134 S. Ct. 10, 18 (2013) (holding that the absence of evidence indicating effective representation cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance). Also, counsel's inability to remember details of his representation is not sufficient to find that he was ineffective. <u>See</u> <u>Gabaree v. Steele</u>, 792, F.3d 991, 997 n. 5 (8th Cir. 2015) (noting that counsel's inability to recall reasons for decisions made during trial is not a ground for finding trial counsel performed ineffectively).

Additionally, the record is clear that trial counsel made numerous objections to the State's evidence, brought out issues with the witness' identifications, and otherwise performed as a capable advocate for his client throughout the trial. Hayes cannot show that any illness of trial counsel actually impaired counsel's representation of Hayes, nor that there were any deficiencies in representation, as discussed in the numerous grounds already addressed above. <u>Kennedy v. Kemna</u>, 666 F.3d 472, 479-80, 484 (8th Cir. 2012). Finally, Hayes can show no prejudice, as required under <u>Strickland</u>. As discussed herein, Hayes has no meritorious arguments and therefore suffered no prejudice. Because Hayes' underlying ineffective assistance of counsel (due to illness) claim is not a substantial one under <u>Martinez</u>, there is no cause to excuse his procedural default of this claim. Because Hayes' allegation is not a substantial one, it would also be unavailing if the Court considered the merits. Hayes is not entitled to relief on this ground.

### 10. <u>Actual innocence</u>

In Hayes' tenth ground, he argues that he is actually innocent of the crime for which he has been convicted. (ECF No. 3 at 3) Hayes puts forward two main pieces of evidence in

support.  First, Hayes argues that since Carter testified that the robber was shorter than him

(Carter is apparently 5 feet 8 or 9 inches, whereas Hayes is approximately 5 feet 11 inches or six

feet tall), Hayes cannot be the robber.  Second, Hayes presents an affidavit from his girlfriend,

Yoshida Williams, in which she states—under oath—that Hayes was with her, asleep in her

house, at the time of the robbery.

As an initial matter, this Court notes that the term "actual innocence" can have different

meanings in the federal habeas context.  "Actual innocence" can refer to either a "gateway

claim" or a "freestanding claim."  See Nash v. Russell 807 F.3d 892, 898-99 (8th Cir. 2015).  A

gateway claim of actual innocence refers to a means by which a prisoner can obtain federal

review of a procedurally defaulted claim.  Id.  "To obtain review of an otherwise procedurally

barred claim, a petitioner must satisfy a two-part test:  (1) the 'allegations of constitutional error

must be supported with new reliable evidence not available at trial'; and (2) 'it is more likely

than not that no reasonable juror would have convicted him in light of the new evidence.'"  Id. at

899 (quoting Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001) (citing Schlup v. Delo,

513 U.S. 298, 327-28 (1995)).  The Eighth Circuit has "defined 'new evidence' as evidence that

'was not available at trial and could not have been discovered earlier through the exercise of due

diligence.'"  (quoting Amrine, 238 F.3d at 1028).

Hayes' problem is that with regard to the "gateway" claim, he makes no argument tying

his actual innocence allegations to the procedural default of any particular claim.  Even if Hayes

did attempt to tie his actual innocence allegations to a particular barred claim, such an attempt

would be unsuccessful.  As an initial matter, the evidence relating to Hayes' height is not new

evidence; and the evidence of Yoshida Williams' alibi is not new either.  In fact, both of these

points were brought up at trial, and the jury quite clearly rejected them.  Because the evidence is

not "new" within the meaning of <u>Amrine</u>, Hayes' gateway claim of actual innocence must fail. Therefore, even if Hayes had properly pled a gateway claim of actual innocence, he would still not be entitled to relief on any of his procedurally defaulted grounds.

The Court will also consider ground 10 as an attempt to raise a "freestanding claim" of actual innocence. A freestanding claim of actual innocence is one that is not limited to curing a procedural default. It is not entirely clear whether such a claim may form the basis of federal habeas relief (at least in a non-capital context). Rather, "[t]he Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error." <u>Dansby v. Hobbs</u>, 766 F.3d 809, 816 (8th Cir. 2014) (citing <u>House v. Bell</u>, 547 U.S. 518, 554-55 (2006)). What is clear, however, is "that if the Supreme Court were to grant relief on this type of claim, 'the threshold … would be extraordinarily high [and] would require more convincing proof than the gateway standard.'" <u>Nash</u>, 807 F.3d at 899 (quoting <u>Dansby</u>, 766 F.3d at 816). Because Hayes cannot meet the gateway standard of actual innocence, he certainly cannot satisfy any possible freestanding standard that might be applied to his case.

Additionally, to the extent that Hayes believes that he has a freestanding claim of actual innocence, that claim belongs before Missouri courts, on a Rule 91 habeas corpus motion. <u>See State ex rel. Amrine v. Roper</u>, 102 S.W.3d 541 (Mo. Banc. 2003) (holding that where a habeas petitioner proves actual innocence by clear and convincing evidence, he is entitled to habeas relief). Hayes is not entitled to federal habeas relief on this ground.[12]

---

[12]    As a final matter, this Court notes that three different Missouri courts have considered Hayes' argument that he is actually innocent of this crime. All three have rejected Hayes' arguments on the merits. (Resp. Ex. N, P, and R)

## 11. Ineffective assistance of trial counsel for representation of a potential alibi witness

Hayes' eleventh ground is a claim that his trial counsel was ineffective for representing his alleged alibi witness at the same time that he represented Hayes. (ECF No. 3 at 3-4) As noted above, Hayes contends that his girlfriend—Yoshida Williams—would have supplied an alibi. Apparently, Hayes' trial counsel also represented Williams in an unrelated federal fraud case. Moreover, the record indicates that it was Williams who recommended counsel to Hayes. Hayes now claims this situation created an impermissible conflict of interest that resulted in a denial of his right to conflict-free counsel. There are several reasons why this claim is unavailing.

First, Hayes did not raise this claim in any post-conviction proceedings. Therefore, it is procedurally defaulted. King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc). Hayes makes no allegations of cause for failure to present this argument to the Missouri courts. Even if this Court liberally construes Hayes' generic references (elsewhere in his briefs) to Martinez v. Ryan, it is clear that Hayes' argument is unavailing because his underlying ineffectiveness claim is not a substantial one. It is not a substantial one because a defendant who raises no objection at trial to a potential conflict of interest with his attorney must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Hayes does not allege how this situation gave rise to a conflict (Williams was facing changes completely unrelated to any charges Hayes was facing), other than to say that his counsel allegedly told her "not to be involved" in Hayes' case. Hayes failed to provide any evidence that Williams had in fact been advised not to cooperate. There is no evidence to suggest an actual conflict.

Second, even if this Court did reach the merits of Hayes' claim of a conflict of interest, it is clear that such a claim would fail on the merits. It would fail on the merits for the same reasons noted earlier as to why it is not a substantial claim: Hayes makes no allegations as to how counsel's representation of Ms. Williams on charges completely unrelated to these robbery charges prevented counsel from performing in Hayes' case. Hayes failed to provide any evidence that Williams had been advised not to cooperate. Additionally, Hayes' case was in state court, while Ms. Williams was apparently facing federal charges. There is simply no connection between the two cases. Hayes was not prejudiced by his attorney's representation of Ms. Williams.

### 12. Ineffectiveness of trial counsel due to incapacity

Hayes' final ground is that his trial counsel was ineffective due to incapacity. This claim was not raised in post-conviction proceedings. It is procedurally defaulted. King, 266 F.3d at 821. Additionally, it is the same substantive ground as ground 9. Hayes asserts that his trial counsel was medically unfit to represent him during the trial. (ECF No. 22 at 21) ("Petitioner was constructively denied effective assistance of counsel in that counsel was incompetent because of the treatments he was receiving which impaired his representation…") For all of the reasons that claim nine was denied, this claim is also unavailing.

## IV. Certificate of Appealability

The undersigned has also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133

F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger</u>, 16 F.3d 878, 882-83).  As discussed in the analysis above, Hayes has not made a substantial showing of the denial of a federal constitutional right.  Because Wilson has not made such a showing in this case, the undersigned will not issue a certificate of appealability.

## V.     <u>Other Pending Motions</u>

Also before the Court is Petitioner's Motion For Leave Of The Court To Submit Exhibits Suggestions In Support Of Writ Of Habeas Corpus Petition.  (ECF No. 49)  Petitioner seeks leave to enter into the record various pieces of correspondence between himself and his post-trial attorneys in this matter, along with several photographs that were entered into evidence at his trial.  The Court has permitted Hayes to introduce similar exhibits in the past, and will permit Hayes to introduce these letters and photographs as well.  The Court has thoroughly reviewed everything contained in Hayes' motion.

## VI.    <u>Conclusion</u>

As a final matter, the Court notes that this case can be decided on the basis of the existing record.  There is no need for an evidentiary hearing.  Also, the Court notes that Hayes has asked for—and received—permission to file several supplemental pieces of information in this matter.  The Court has considered all of Hayes' supplemental submissions, and nothing therein alters the conclusions that the Court now reaches in this matter.

For all of the foregoing reasons, this Court is satisfied that Hayes is not in custody in violation of 28 US.C. § 2254; and the Court is further satisfied that the Hayes has not made a substantial showing of the deprivation of a federal constitutional right.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion For Leave Of The Court To Submit Exhibits Suggestions In Support Of Writ Of Habeas Corpus Petition  (ECF No. 49) is granted.

IT IS FURTHER ORDERED that Jermaine O. Hayes' application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

A separate judgment shall be entered this day.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of February, 2016